IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40669
_____


HARLEY POWER SYSTEMS, INC.

                                    Plaintiff - Appellant-Cross-Appellee

    v.

YORK EQUIPMENT CORPORATION

                                    Defendant - Appellee-Cross-Appellant

PERRY D REED & COMPANY, Professional Corporation;
JAMES A BUFFINGTON

                                    Defendants - Appellees

_____

YORK EQUIPMENT CORPORATION

                                    Plaintiff - Appellee-Cross-Appellant

v.

HARLEY POWER SYSTEMS, INC

                                    Defendant - Appellant-Cross-Appellee

_____

            Appeal from the United States District Court
                for the Eastern District of Texas
                        No. 6:99-CV-239
_____
                        November 7, 2002

Before KING, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit
Judges.

PER CURIAM:[*]

Counsel for the parties and the district court confected an intricate set of verdict forms and jury instructions and carefully allocated the responsibility for deciding the questions presented between the jury and the district court. We are not persuaded that the district court erred in entering judgment as it did. Specifically, applying both the law of equitable estoppel and the law of contract to the facts as the jury found them, the court did not err in excusing Harley Power Systems, Inc. from the penalty provisions while requiring it to resume payment on the notes. The district court did not err in awarding damages to Harley as determined by the jury because there was sufficient evidence to support the jury's verdict. Nor did the district court err or abuse its discretion in not accelerating the notes or awarding attorney's fees to York Equipment Corporation because, based on sufficient evidence, the jury found for Harley on York's claims.

The judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2